NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUOXIONG LIN,<br><br>            Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>            Respondent. | No. 13-72120<br><br>Agency No. A088-291-470<br><br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017**

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

The stay of proceedings in this case expired on May 7, 2015. Thus, respondent's request to lift the stay (Docket Entry No. 25) is denied as unnecessary.

Guoxiong Lin, a native and citizen of China, petitions for review of the

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Lin's experiences in China did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (explaining that persecution is "an extreme concept"); *Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006) (evidence did not compel the finding that petitioner demonstrated past persecution). Substantial evidence also supports the agency's finding that Lin failed to demonstrate a well-founded fear of future persecution in China. *See Gu*, 454 F.3d at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). We reject Lin's contention that the BIA failed to consider evidence. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000) (petitioner did not overcome the presumption that the BIA considered the evidence). Thus, Lin's asylum claim fails.

Because Lin failed to satisfy the lower standard of proof for asylum, it necessarily follows that he failed to satisfy the more stringent standard for

withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**